```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
```

JERMAINE ROBINSON,                               NOT FOR PUBLICATION

                Petitioner,

                                               **ORDER**
  -against-                                  15-CV-3964 (KAM)(LB)

THOMAS GRIFFIN,

                Respondent.
```
------------------------------------X
```
**MATSUMOTO, United States District Judge:**

        Petitioner Jermaine Robinson, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition ("Pet.").) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court grants petitioner's request to proceed *in forma pauperis* and directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## Background

        Petitioner was convicted after a jury trial in the Supreme Court of the State of New York, Queens County, of robbery in the second degree, robbery in the third degree, and

criminal possession of stolen property, and he was sentenced to 16 years to life imprisonment. (Pet. ¶¶ 1-6.) On November 17, 2009, the Appellate Division affirmed the conviction, *People v. Robinson*, 67 A.D.3d 933 (2d Dep't 2009), and the New York Court of Appeals denied leave to appeal on February 23, 2010, *People v. Robinson*, 898 N.Y.S.2d 105 (N.Y. 2010). (*See also* Pet. ¶ 9.) Petitioner did not file a writ of certiorari to the United States Supreme Court. (Pet. ¶ 9(h).)

## **Discussion**

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about May 24, 2010, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition would have to have been filed on or before May 24, 2011. Instead, this petition dated June 27, 2015, was filed well after the one year limitations period had already expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

Statutory tolling is not available since petitioner alleges that he did not file any post-conviction motions. (*See* Pet. ¶¶ 10-11; *see also* 28 U.S.C. § 2244(d)(2).) However, the limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[1] Petitioner does not state any facts from which the court can conclude that subsections (B)-(D) are applicable.

circumstance stood in his way and prevented timely filing.") (citations and internal quotation marks omitted); *Harper v. Ercole*, 648 F.3d 132, 136-38 (2d Cir. 2011). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). Situations that might justify equitable tolling include confiscation of a petition, an appeals court's failure to inform a petitioner that his appeal was denied, or a lawyer's failure to file a habeas petition when explicitly directed to do so. *Dillon*, 642 F.3d at 363 (citations omitted). The petitioner is responsible for showing that such circumstances exist. *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)). On the present record, there is no basis for equitable tolling.

## Conclusion

Accordingly, the court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner

---

[2] An affirmation form is attached to this order for petitioner's convenience.

must present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Memorandum and Order. If petitioner fails to comply with this Memorandum and Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on petitioner and note such service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 13, 2015

_____/s/_____
Kiyo A. Matsumoto
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

JERMAINE ROBINSON,                      **PETITIONER'S**
                                        **AFFIRMATION**
                    Petitioner,
                                        15-CV-3964 (KAM)(LB)
    -against-

THOMAS GRIFFIN,

                    Respondent.
------------------------------------
                                    X

STATE OF _____    }
COUNTY OF _____   } SS:

      JERMAINE ROBINSON, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

      In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                                    _____
                                    Signature & Identification Number

                                    _____
                                    Address

                                    _____

                                    _____
                                    City, State & Zip Code