```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X   NOT FOR PUBLICATION

JERMAINE ROBINSON,

                Petitioner,
                                    ORDER
        -against-
                                    15-CV-3964 (KAM) (LB)
THOMAS GRIFFIN,


                Respondent.
--------------------------------X
```
**MATSUMOTO, United States District Judge**:

   Petitioner Jermaine Robinson, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition ("Pet.").) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court conducted an initial consideration of this petition and determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). By Order dated July 13, 2015, the court granted petitioner's request to proceed *in forma pauperis* and directed petitioner to show cause why the petition should not be dismissed as time-barred. (ECF No. 4.) On September 23, 2015, petitioner filed an affirmation. (ECF No. 6, Affirmation ("Aff.").)

## Background

Petitioner was convicted after a jury verdict in the Supreme Court of the State of New York, Queens County, of robbery in the second degree, robbery in the third degree and criminal possession of stolen property and he was sentenced to 16 years to life imprisonment. (Pet. ¶¶ 1-6.) On November 17, 2009, the Appellate Division affirmed the conviction, *People v. Robinson*, 67 A.D.3d 933 (2nd Dep't 2009), and the New York Court of Appeals denied leave to appeal on February 23, 2010, *People v. Robinson*, 898 N.Y.S.2d 105 (2010). (*See also* Pet. ¶ 9.) Petitioner did not file a writ of certiorari to the United States Supreme Court. (Pet. ¶ 9(h).)

## Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

2

> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about May 24, 2010, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 549-49 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed on or before May 24, 2011.

Instead, this petition dated June 27, 2015, was filed well after the one year limitations period had already expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be equitably tolled, the petition will be barred by 28 U.S.C. § 2244(d) as untimely.[2]

---

[1] Petitioner does not state any facts from which the court can conclude that subsections (B)-(D) are applicable.

[2] The court previously determined that statutory tolling was not available to petitioner since petitioner alleged that he did not file any post-conviction motions. (*See* Pet. ¶¶ 10-11); *see also* 28 U.S.C. § 2244(d)(2).

3

The one-year limitations period may be equitably tolled where a petitioner "has been pursuing his rights diligently" and "extraordinary circumstances stood in [petitioner's] way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To establish that he has been pursuing his rights, a petitioner "is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." *Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011).

In his affirmation, petitioner argues that his limitations period should be equitably tolled because of "the failure to file a Notice of Entry upon petitioner" and because "petitioner never receive[d] any order indicating that his State Court of Appeals application for leave was granted or denied." (*See* Aff. at 1.) Petitioner further argues that he made "repeated efforts to contact counsel, while awaiting a decision, which I've never received . . . ." (*See* Aff. at 2.)

Even if the failure to provide petitioner with notice of the decision denying leave to appeal by the New York Court of Appeals could be considered an extraordinary circumstance, which the court does not decide here, petitioner must also demonstrate reasonable diligence in pursuing his remedies. *See, e.g., Diaz v. Kelly*, 515 F.3d 149, 154-55 (2d Cir. 2008) (petitioner who

4

claimed he did not receive notice of decision on his state court appellate motion deserved equitable tolling where, *inter alia*, petitioner showed reasonable diligence by inquiring into the status of his motion). Although petitioner alleges that he did not receive "Notice of Entry" or the decision of the New York Court of Appeals denying leave to appeal, he also alleges that he made repeated attempts to contact his assigned appellate counsel to learn the status of his leave application (*see* Aff. at 1.) Petitioner does not provide dates or copies of correspondence to support this claim. Nor does petitioner allege that he ever contacted the New York Court of Appeals regarding his leave application. Petitioner's affirmation also fails to provide the date that he eventually learned that his leave application was denied. On the present record, the court cannot determine if there is a basis for equitable tolling.

## **Conclusion**

Accordingly, the court again directs petitioner to show cause by written affirmation,[1] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation,

---

[1] An affirmation form is attached to this order for petitioner's convenience.

5

petitioner must present any facts, including dates, that would support equitable tolling of the period of limitations, including facts that would show petitioner acted with reasonable diligence in support of his request for equitable tolling.  If available, petitioner should provide copies of any correspondence or other documents related to his attempt to learn of the decision regarding his leave application and/or the dates he sought such information, and the date he finally learned of the court's decision denying his leave application.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order.  If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on petitioner and note such service on the docket.

**SO ORDERED.**

Dated:    Brooklyn, New York
          October 28, 2015

                                        _____/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
```

JERMAINE ROBINSON,                              **PETITIONER'S SECOND**
                                                **AFFIRMATION**
                Petitioner,

   -against-                                   15-CV-3964 (KAM)(LB)

THOMAS GRIFFIN,

                Respondent.
```
------------------------------------
                                    X
```

STATE OF _____    }
COUNTY OF _____   } SS:

      JERMAINE ROBINSON, appearing *pro se*, makes the following affirmation under the penalties of perjury:  I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code