```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JERMAINE ROBINSON,

                        Petitioner,                              REPORT & RECOMMENDATION
                                                                 15 CV 3964 (KAM)(LB)
        -against-

THOMAS GRIFFIN,

                        Respondent.
----------------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Petitioner Jermaine Robinson files this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 conviction in New York Supreme Court, Queens County. Respondent moves to dismiss the petition as untimely. The Honorable Kiyo A. Matsumoto referred respondent's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that respondent's motion to dismiss the petition as untimely should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted after a jury trial in the Supreme Court of the State of New York, Queens County, of Robbery in the Second Degree, Robbery in the Third Degree, and Criminal Possession of Stolen Property, and was sentenced to 16 years to life imprisonment on October 12, 2006. Pet. ¶¶ 1-6. On November 17, 2009, the Appellate Division affirmed the conviction. People v. Robinson, 67 A.D. 3d 933 (2d Dep't 2009). The Court of Appeals denied petitioner leave to appeal on February 23, 2010. People v. Robinson, 898 N.Y.S.2d 105 (N.Y. 2010). See also Pet. ¶ 9. Petitioner did not seek further review Pet. ¶ 9(h).

Petitioner, proceeding *pro se* and *in forma pauperis*, filed the instant petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 on July 6, 2015. On July 13, 2015, the Court directed

1

petitioner to show cause why the petition should not be dismissed as time-barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. ECF No. 4. Petitioner filed an affirmation on September 23, 2015 that was insufficient. ECF No. 6. The Court directed petitioner to file another affirmation, setting forth facts and dates that could support equitable tolling of the statute of limitations. ECF No. 7. Petitioner filed a second affirmation on January 14, 2016. ECF No. 9. Petitioner alleges that he made multiple inquiries regarding the status of his appeal by writing letters to his assigned appellate attorney, Andrew Abraham, Esq. ("Abraham"). Id. at 1. Petitioner states that he received no response to his letters and that he did not discover that his appeal had been denied until he sought assistance from an inmate at Green Haven Correctional Facility, Carl Dushain ("Dushain"). Id. at 2. According to petitioner, in or around March or April of 2015, Dushain used a computer at the prison to discover that petitioner's direct appeal had been denied. Id. at 6.

Upon receiving petitioner's affirmation, the Court ordered a response, and on May 3, 2016, respondent moved to dismiss the petition as untimely. ECF No. 14. Respondent contacted the Appellate Advocates, the organization where Mr. Abraham worked, regarding petitioner's assertion that he was not informed of the status of his direct appeal. Id. at 3. Lynn W.L. Fahey, Attorney in Charge at the Appellate Advocates, stated that their file included a letter to petitioner from Mr. Abraham dated March 23, 2010 that the Court of Appeals had denied him leave to appeal "and that if petitioner wished to file a *pro se* petition for writ of habeas corpus, he needed to do so within 1 year and 90 days of the leave denial."[1] ECF No. 14-1 at 3. Moreover, the Appellate Advocates' case file for petitioner does not reflect receipt of his inquiries about the status of his appeal. ECF No. 14-2 at 6.

---

[1] The letter was sent to petitioner at the Auburn Correctional Facility where petitioner was incarcerated at the time.

2

## LEGAL STANDARD

### I. Standard of Review

Title 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

This Court reviews a motion to dismiss a habeas petition under the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6). See Purdy v. Bennett, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002). "Motions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions." Adams v. Greiner, 272 F. Supp. 2d 269, 271 (S.D.N.Y. 2003). "In considering the [respondent]'s Motion to Dismiss, the Court must accept all well-pleaded factual allegations in the [p]etition as true and draw all reasonable inferences in favor of the petitioner." Id. Because Petitioner is proceeding *pro se*, his petition must be construed "liberally" and should be interpreted "to raise the strongest arguments that [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## DISCUSSION

### II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a state prisoner whose conviction has become final to file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1)(A). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A), a conviction becomes final for AEDPA purposes when a petitioner's time to seek direct review in the United States Supreme Court by writ of certiorari expires.[2] Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

The instant petition is untimely as petitioner's conviction became final on or about May 24, 2010, upon expiration of the 90–day period for seeking a writ of certiorari. Saunders v. Senkowski, 587 F.3d 543, 547–49 (2d Cir. 2009); Williams, 237 F.3d at 150–51. In order to have been timely, the instant petition should have been filed on or before May 24, 2011. However, the petition here was filed more than four years later, on June 27, 2015. Therefore, unless petitioner can show that the one-year statute of limitations period should be equitably tolled, the Court should grant respondent's motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Equitable Tolling

The AEDPA's requirement that a state prisoner seek a writ of habeas corpus in federal court within one year of his conviction becoming final may be equitably tolled under certain circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010); Smith v. McGinnis, 208 F.3d 13, 17

---

[2] Here, subsection A applies to petitioner's writ of habeas corpus.

4

(2d Cir. 2000). A petitioner seeking the benefit of equitable tolling must show that "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[E]quitable tolling is warranted only in rare and exceptional circumstances." See Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011) (internal quotation marks and citation omitted).

Here, petitioner alleges that he wrote multiple letters to his appellate counsel regarding the status of his direct appeal. According to petitioner, appellate counsel failed to advise petitioner that his appeal had been denied, which prevented him from timely filing the instant petition. Petitioner attaches eight letters written to his appellate counsel to his affirmation.[3]

Respondent argues that equitable tolling should not apply to the instant petition because: (1) even if appellate counsel did not respond to petitioner's letters, petitioner had several ways to ascertain the status of his appeal; (2) only three of petitioner's letters were written during the statute of limitations period; (3) petitioner waited several months after Dushain informed him that his appeal had been denied to file his petition; (4) appellate counsel's alleged failure to respond to petitioner's letters does not amount to extraordinary circumstances. Respondent also urges the Court to question petitioner's credibility regarding whether he sent the letters to appellate counsel.

i. **Counsel's failure to inform petitioner that his appeal was denied**

First, respondent argues that the Appellate Advocates' records indicate that a letter was sent to petitioner on March 23, 2010 informing him that his appeal had been denied. However, taking petitioner's assertions as true, even if appellate counsel failed to send petitioner a letter, he is not entitled to equitable tolling. An appellate lawyer's failure to inform his client that his

---

[3] Only three of petitioner's letters are dated within the statute of limitations period. Petitioner's letters are dated February 10, 2010; December 3, 2010; March 30, 2011; January 12, 2012; October 26, 2012; April 6, 2013; November 13, 2013; and April 15, 2015. Petitioner's first and last letters were dated more than five years apart.

5

application for leave to appeal has been denied is not a basis for equitable tolling. See Samo v. Keyser, 305 F. Supp. 3d 551, 559 (S.D.N.Y. 2018) report and recommendation adopted, No. 17 Civ. 5043, 2018 WL 4565143 (S.D.N.Y. Sept. 21, 2018) (finding petitioner is not entitled to equitable tolling where appellate counsel failed to send a letter informing him of the denial of his appeal); McCowen v. Conway, No. 07 CV 3316, 2008 WL 123940, at *5 (E.D.N.Y. Jan. 10, 2008) (denying equitable tolling where attorney's delay in informing petitioner that the Court of Appeals had denied leave to appeal was not "outrageous" or "incompetent"). See also Sumpter v. Sears, No. 09 CV 689, 2011 WL 31188, at *5 (E.D.N.Y. Jan. 5, 2011) ("equitable tolling is not triggered by an appellate lawyer's failure to inform his client that his application for leave to appeal has been denied.") (citing McCowen, 2008 WL 123940, at *4–5). While petitioner argues that appellate counsel's failure "prevented [him] from seeking review from the next highest court," this alone does not warrant equitable tolling.

### ii. Petitioner's letters

Attorney negligence may constitute an extraordinary circumstance warranting equitable tolling when it is "so egregious as to amount to an effective abandonment of the attorney-client relationship." Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015) (citation omitted). Instances of attorney misconduct that have been deemed "extraordinary" include an attorney's abandonment of an appeal mid-process resulting in procedural default, see Maples v. Thomas, 565 U.S. 266, 274–75 (2012); a court-appointed attorney's failure to file a timely petition for habeas relief despite a series of letters from the client noting the importance of the deadline and citing the applicable legal rules, see Holland, 560 U.S. at 652; an attorney retained for post-conviction relief who "did virtually nothing for almost a year," despite many requests for action from the client who was eventually forced to file a *pro se*

appeal, Martinez, 806 F.3d at 29–30; an attorney who miscalculated the last date for filing a timely habeas petition despite repeated requests from the client that the lawyer file well in advance of that date to avoid just that result, Dillon v. Conway, 642 F.3d 358, 363–64 (2d Cir. 2011); and an attorney who told his client, after performing no legal research, that the time to file a habeas petition had passed, even though fourteen months remained, and who additionally failed to communicate with the client despite the client's efforts to reach him, Baldayaque v. U.S., 338 F.3d 145, 152 (2d Cir. 2003).

However, unlike these cases above, Mr. Abraham of the Appellate Advocates was not appointed by the Court to file a writ of certiorari or a writ of habeas corpus on petitioner's behalf. Therefore, petitioner, not the Appellate Advocates, was responsible for complying with the deadline to file his habeas corpus petition. See Samo, 305 F. Supp. 3d at 561. Thus, petitioner's assertion that he sent letters to the Appellate Advocates and failed to receive their letter regarding the denial of his appeal does not entitle petitioner to equitable tolling. See Wilson v. Bennett, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) ("lack of legal knowledge cannot excuse a delay in filing a petition.")  Petitioner's appellate attorney's failure to respond to letters was not so egregious as to amount to an abandonment of the attorney-client relationship.

Even if the Court were to find that counsel's unresponsiveness amounted to extraordinary circumstances, petitioner's more than four-year delay in filing his writ of habeas corpus would not meet the second requirement of equitable tolling which requires a petitioner to act with reasonable due diligence. ("[A] long period of inaction reveals that [petitioner] did not diligently pursue his rights, making equitable tolling inappropriate."); Morton v. Ercole, No. 08 Civ. 0252, 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010). See also Celaj v. Artuz, 49 F. App'x 331, 333 (2d Cir. 2002) (summary order) (no reasonable diligence where petitioner waited four years before filing

habeas petition); Warren v. Garvin, 219 F.3d 111, 113–14 (2d Cir. 2000) (petitioner did not act with reasonable diligence when he waited one year and eight months between dismissal of first petition and filing of second petition); Chung v. United States, No. 11 CV 3579, 2012 WL 194981, at *1 (E.D.N.Y. Jan. 23, 2012) ("The quantity of time involved in this case obviates the need for extended analysis of the tolling question."); Lopez v. Lee, 11 CV. 2706, 2011 WL 6068119, at *6 (E.D.N.Y. Dec. 7, 2011) ("As year after year passed by, Lopez should not have simply sat by hoping that his attorneys would seek federal habeas relief on his behalf. He should have eventually determined that he could not rely on them and promptly found a new attorney or, if he could not afford one, prepared a habeas petition *pro se*."); Morton v. Ercole, *supra*, 2010 WL 890036, at *2 ("Courts generally have found that periods of delay lasting for more than a year do not exhibit due diligence" (citing cases)); Lewis v. Walsh, 03 Civ. 1932, 2003 WL 21729840, at *3 (S.D.N.Y. July 25, 2003) (five year delay with sporadic letters to request documents was not reasonable diligence); Tineo v. United States, 01 Civ. 451, 2002 WL 1997901, at *2 (S.D.N.Y. Aug. 29, 2002) (duly diligent person would not have needed more than three years to discover that his attorney had failed to file a direct appeal).

Here, petitioner waited four and half years to file the instant petition. Only three of petitioner's letters were sent during the statute of limitations period, and petitioner only filed his petition after asking for the assistance of another inmate, Dushain, in March or April of 2015, years after the statute of limitations expired. Petitioner's four and a half years of inaction undermines any claim of reasonable diligence and is fatal to petitioner's request for equitable tolling. Even after petitioner allegedly discovered that his appeal had been denied, he still waited months to file the instant petition. Thus, equitable tolling is not warranted as petitioner fails to demonstrate an extraordinary circumstance and that he pursued his rights diligently.

## CONCLUSION

Accordingly, it is respectfully recommended that respondent's motion to dismiss should be granted, and the petition for a writ of habeas corpus should be dismissed as time-barred. As petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should be issued. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997) (discussing the standard for issuing a certificate for appealability). It is further recommended that for purposes of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying this petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

                                            /S/
                                    LOIS BLOOM
                                    United States Magistrate Judge

Dated: July 20, 2020
       Brooklyn, New York